983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abraham ZEYRA, Defendant-Appellant.
 No. 92-50336.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1993.*
Decided Jan. 13, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-87-0601-TJH-1; Terry J. Hatter, Jr., District Judge, Presiding.
 Before JAMES R. BROWNING, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We understand Zeyra's argument to be that admission of Herman Guthrez' deposition testimony in the prosecution's rebuttal case was improper under Fed.R.Evid. 804(b)(1) because Zeyra did not have an opportunity and similar motive to develop Guthrez' testimony in the deposition as he would have if he had known when the deposition was taken that the prosecution would offer the testimony in its rebuttal case rather than as part of its direct case. The fact that the testimony was offered in the prosecution's rebuttal case is irrelevant to the question of its admissibility under Fed.R.Evid. 804(b)(1). The relevant question is whether Zeyra had an opportunity and similar motive to develop the testimony when the deposition was taken. Zeyra had the same opportunity and motive to challenge Guthrez' deposition testimony undermining Zeyra's defense whether the testimony was intended as part of the government's case in chief or in rebuttal. Nothing in Rule 804(b)(1) requires the party taking a deposition to determine in advance whether or when the deposition will be offered against the opposing party when the deposition is taken.
 
 
 3
 The fact that Guthrez' testimony was inconsistent with his prior sworn statement as well as the testimony of another government witness relates only to the weight of the evidence not its admissibility. Zeyra was free to use this other evidence to impeach the credibility of the deposition testimony. See Fed.R.Evid. 806. Zeyra fails to identify any subsequently gathered information he would have used to confront Guthrez, as he argues.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3